[Civ. No. 53294. First Dist., Div. Three. Jan. 21, 1983.]

AL LANDI, Plaintiff and Appellant, v.
COUNTY OF MONTEREY et al., Defendants and Respondents.

**COUNSEL**

Larry J. Lichtenegger for Plaintiff and Appellant.

Ralph R. Kuchler, County Counsel, and Jose Rafael Ramos, Senior Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Only one issue is before the court on this appeal: Was the appellant's application for a rezoning approved by operation of law pursuant to Government Code sections 65950 and 65956? We hold that it was not. The decision of the trial court is affirmed.

Appellant owns 18 acres of land located in the Jack's Peak area of Monterey County upon which he desired to build 24 condominium units. On August 16, 1977, appellant obtained the necessary amendment to the Monterey Peninsula Area Plan to allow the condominium units. On August 20, 1977, appellant filed a completed rezoning application to bring the zoning, which was designated as .2-.4 families per acre, into conformity with the new general plan designation. On April 25, 1979, after reviewing the environmental impact report, the planning commission recommended denial of the rezoning request. The board of supervisors agreed and denied the zoning. On March 25, 1980, the board brought the Monterey Peninsula Area Plan into conformity with the zoning ordinance by reamending the plan back to its original designation of "Conservation-Residential .2-.4 families per acre."

■ Appellant contends that the failure to deny his application for rezoning within one year results in the approval of the application by operation of law; therefore, the board's denial was ineffective.

Appellant bases his contention on Government Code sections 65950 and 65956. Government Code section 65950 states, "Any public agency which is the lead agency for a development project shall approve or disapprove such project within one year from the date on which an application requesting approval of such project has been received and accepted as complete by such agency. . . ." Government Code section 65956, subdivision (a), states, "In the event that a lead agency or a responsible agency fails to act to approve or disapprove a development project within the time limits required by this article, such failure to act shall be deemed approval of the development project." The relevant definitions necessary for the interpretation of these statutes are as follows: (1) " 'Development project' means any project undertaken for the purpose of development. 'Development project' includes a project involving the issuance of a permit for construction or reconstruction but not a permit to operate. . . ." (Gov. Code, § 65928.) (2) " 'Project' means any activity involving the issuance to a person of a lease, permit, license, certificate, or other entitlement for use by one or more public agencies." (Gov. Code, § 65931.)

The determination of whether or not a rezoning is a "project" turns on the distinction between legislative and adjudicatory decisions. The well-settled functional distinction between the two is set out in *Patterson v. Central Coast Regional Com.* (1976) 58 Cal.App.3d 833 [130 Cal.Rptr. 169]. " 'Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts.' [Citations.] 'Wherever an act undertakes to determine a question of right or obligation, or of property, as the foundation upon which it proceeds, such act is to that extent a judicial one, and not the proper exercise of legislative functions.' [Citations.]" (*Id.*, at pp. 840-841.)

Adjudicatory acts include the granting of variances and conditional use permits, and the approval of tentative subdivision maps. (*Arnel Development Co. v. City of Costa Mesa* (1980) 28 Cal.3d 511, 518, 523 [169 Cal.Rptr. 904, 620 P.2d 565].) The court in *Patterson v. Central Coast Regional Com., supra,* 58 Cal.App.3d 833 explained that "[t]he permit process clearly involves the application of existing rules to a specific set of existing facts." (*Id.*, at p. 841.) An applicant seeking the approval of a development project as defined by Government Code sections 65928 and 65931 is seeking an adjudicatory determination not "the formulation of a rule to be applied to all future cases . . . ." (*Id.*, at p. 840.) The issuance "of a lease, permit, license [and] certificate . . ." (Gov. Code, § 65931) entails the " '. . . application of . . . a rule to a specific set of existing facts.' " (*Ibid.*)

The granting of a zoning amendment is, on the other hand, a legislative decision. *Arnel Development Co. v. City of Costa Mesa, supra,* 28 Cal.3d 511 unambiguously stated that "zoning ordinances, whatever the size of parcel af-

fected, are legislative acts." (*Id.*, at p. 514.) *Arnel* went on to state, "Thus whatever the legal controversy and whatever the size or ownership of the land involved, every California decision on point . . . has held that the enactment or amendment of a zoning ordinance is a legislative act." (*Id.*, at p. 517.)

Appellant attempts to distinguish *Arnel* by making a distinction between a zoning change initiated by initiative and one initiated by a single individual. *Arnel* left no room for such fine distinctions. It clearly stated that all zoning ordinance changes are legislative. No exception shall be made merely because the change is sought by a private individual.

Thus, the one-year limitation of Government Code section 65950 does not cover zoning amendments. Government Code section 65950 is limited to "projects" as defined by Government Code section 65931. These "projects" are all adjudicatory in nature and do not, therefore, include zoning amendments. Government Code section 65950 expedites the determination of the application of existing rules to an individualized set of existing facts. It was not meant to impose a rigorous timetable on local government's exercise of its policy-making legislative function.

Our conclusion is not altered by the Office of Planning and Research, Permit Guidelines, State Administrative Manual, section 1078. The guideline definition of project includes "[t]he adoption or amendment of a zoning ordinance applied for by a private applicant . . . ." (*Ibid.*) However, it states that " '[p]roject' does not include . . . [t]aking a legislative or quasi-legislative action . . . ." (*Ibid.*) The permit guidelines predate *Arnel Development Co.* v. *City of Costa Mesa, supra,* 28 Cal.3d 511. All zoning changes are now legislative and, thus, do not constitute projects under section 1078 of the State Administrative Manual Permit Guidelines.

Judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.